UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
JOHAN DANIYAN,                                              :
                                                            :
                        Plaintiff,                               :
                                                            :
                  v.                                       :   No. 07 Civ. 02734 (JHR) (JS)
                                                            :
MARINA DISTRICT DEVELOPMENT                                 :
COMPANY LLC, *d/b/a Borgata Hotel Casino &*                 :
*Spa*,                                                      :
                                                            :
                        Defendant.                               :
                                                            :
-----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE DEFENDANT'S MEDICAL EXPERT FROM TESTIFYING
REGARDING PLAINTIFF'S ABILITY TO PERFORM THE DUTIES OF
<u>THE HEAVY PORTER POSITION</u>**


THOMPSON WIGDOR &GILLY LLP

Gregory N. Filosa
85 Fifth Avenue, 5th Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
gfilosa@twglaw.com

LAW OFFICE OF MARY L.BEJARANO, PC

Mary L. Bejarano
118-21 Queens Boulevard, Suite 606
Forest Hills, NY  11363
Telephone:  (718) 408-1620
Facsimile:   (718) 261-9302
mary@bejaranolaw.com

*Counsel for Plaintiff*

**PRELIMINARY STATEMENT**

Plaintiff Johan Daniyan ("Plaintiff" or "Mr. Daniyan") respectfully submits this memorandum of law in support of his motion *in limine* to preclude testimony by Defendant's expert witness, Dr. Glenn Zuck, regarding Plaintiff's ability to perform the job of Heavy Porter. Because Dr. Zuck has no personal knowledge concerning the job duties of a Heavy Porter, he is unqualified to offer his opinion regarding Plaintiff's fitness for the job and his opinion will not assist the jury in determining a fact at issue as it is based on nothing more than his subjective beliefs. Accordingly, in the event that Defendant attempts to introduce such testimony at trial, Plaintiff submits the foregoing motion *in limine* requesting that Dr. Zuck be precluded from offering testimony concerning Mr. Daniyan's ability to perform the job duties of a Heavy Porter. For the reasons outlined more fully below, Plaintiff respectfully requests that the Court grant Plaintiff's motion.

**STATEMENT OF FACTS**

This action seeks relief for Defendant Borgata Hotel and Casino's (the "Borgata") violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq.*, and the New Jersey Law against Discrimination, N.J.S.A. 10:5-1 *et seq.* In addition, this action seeks relief for the Borgata's unlawful retaliation, including its unlawful termination of Mr. Daniyan's employment in violation of New Jersey Worker's Compensation Law, N.J.S.A. 34:15-1 *et seq.*

**Plaintiff's Workplace Injury And Subsequent Termination From Employment**

This action seeks relief for Defendant Borgata Hotel and Casino's ("Defendant" or the "Borgata") violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, and the New Jersey Law against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.* In addition, this action seeks relief for the Borgata's unlawful retaliation, including its

1

unlawful termination of Mr. Daniyan's employment in violation of New Jersey Worker's Compensation Law, N.J.S.A. 34:15-1 *et seq.*

On June 11, 2005, Mr. Daniyan suffered a severe and debilitating injury to his lower back and tailbone when, in the course of performing his duties as a Heavy Porter for the Borgata, he slipped and fell on a pool of liquid that had been left by another Borgata employee.  As a result of this workplace injury, Mr. Daniyan was rushed to the hospital where he was prescribed a number of pain killers and muscle relaxers to treat him for the significant pain that he suffered as a result of this injury and was ordered not to work for two days.  On June 13, 2005, Plaintiff went to the Borgata to turn in the necessary paperwork documenting his injury, but was instead subjected to a "random" drug test which came back negative.  Disappointed by the result, Defendant referred Mr. Daniyan to Dr. Zuck, the Borgata's workers' compensation doctor, for examination who prescribed Mr. Daniyan a series of narcotics, pain killers and muscle relaxers and instructed him to stay home until June 17, 2005.  On that day, Mr. Daniyan reported for work even though he was not scheduled to work that day, but was sent home when he requested light duty.  On June 18, 2005, Mr. Daniyan again reported for work and requested light duty, but the request was summarily denied by Rocco Nicosia, one of Mr. Daniyan's supervisors.  After working for less than an hour that day, Mr. Nicosia suspended Mr. Daniyan pending termination because he purportedly did not provide the requisite paperwork in light of his workplace injury, even though it is undisputed that Mr. Nicosia received the hospital discharge papers later that day.  When Mr. Daniyan returned to work on June 20, 2005, the date provided in his notice of suspension, he was terminated from employment with Defendant.

**Dr. Zuck's Deposition Testimony**

On January 29, 2009, Plaintiff deposed Dr. Zuck.  During this deposition, Dr. Zuck failed to provide coherent reasoning for his decision to send Mr. Daniyan back to work and revealed a

2

lack of knowledge concerning the job duties of the Heavy Porter position at the Borgata. Specifically, while Dr. Zuck claimed that at the time he examined Mr. Daniyan he had knowledge of the requirements of the Heavy Porter position, when questioned about the specifics of the position, Dr. Zuck was unable to provide any elucidation as to exactly what the job duties of the Heavy Porter position required and did not know whether the position was a standing or sitting position.  (*See* Deposition of Dr. Zuck, attached as Exhibit A to the Declaration of Gregory N. Filosa ("Filosa Decl."), at 102:17-25; 143:17-25).  For example**,** Dr. Zuck was unable to say whether or not a person with a lower back brace should be working as a Heavy Porter and did not recall whether he asked Mr. Daniyan what his job duties as a Heavy Porter required.  (*See* Zuck Dep., 28:21–29:1; 30:11-16; 31:8-11).  In the Final Pretrial Order, Defendant indicated that it intends to call Dr. Zuck as a witness at trial and represents that Dr. Zuck will testify that "[P]laintiff was physically able to perform the job duties of a heavy porter at the time he was cleared to return to work at the Borgata."  (*See* Final Pretrial Order, Docket No. 85, at 35 § 2.a.)

## **ARGUMENT**

### I.  DR. ZUCK'S TESTIMONY REGARDING THE HEAVY PORTER POSITION SHOULD BE EXCLUDED

Rule 702 of the Federal Rules of Evidence governs the admissibility of opinion testimony by an expert witness.  In order to meet the standard under Rule 702, (i) "the proffered witness must be an expert;" (ii) "the expert must testify about matters requiring scientific, technical or specialized knowledge;" and (iii) "the expert's testimony must assist the trier of fact."  *U.S. v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010).  The first prong of the test requires that the expert have "specialized knowledge regarding the area of testimony…greater than the average layman." *Betterbox Communications Ltd. v. BB Technologies, Inc.*, 300 F.3d 325, 327-28 (3d Cir. 2002).

3

The party offering the expert testimony can meet the second prong of the test "so long as the process or technique used in formulating the opinion is reliable, and the principles and methods employed by the expert are applied reliably to the facts of the case." *In re Human Tissue Products Liability Litigation*, 582 F.Supp.2d 644, 655-656 (D.N.J. 2008). Finally, the third prong is a question of relevance and the expert testimony will be admissible if it "is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *U.S. v. Schiff*, 602 F.3d at 173. Here, expert testimony from Dr. Zuck regarding Mr. Daniyan's ability to return to work as a Heavy Porter, fails to meet each of the three requirements.[1]

### A. DR. ZUCK IS NOT QUALIFIED TO PROVIDE EXPERT TESTIMONY WITH RESPECT TO THE HEAVY PORTER POSITION

As noted above, in order to be qualified as an expert witness, the witness must possess "'specialized knowledge' regarding the area of testimony" that is "greater than the average layman." *Betterbox Communications Ltd.*, 300 F.3d at 327-28. Although this requirement is liberally construed by courts, Dr. Zuck has failed to demonstrate even a modicum of specialized knowledge relating to the Heavy Porter position. In fact, at his deposition, Dr. Zuck offered nothing more than his conclusory statement that he knew the responsibilities of the job, but was unable to offer even rudimentary details concerning how the job of Heavy Porter is performed. An expert will be deemed unqualified where his area of expertise does not encompass the subject matter of his testimony. *See Player v. Motiva Enterprises LLC*, No. 02 Civ. 3216, 2006 WL 166452, *5 (D.N.J. Jan. 20, 2006). Because Dr. Zuck has not shown any specialized knowledge concerning the job duties of the Heavy Porter position, he is not qualified as an expert on this subject and should be precluded from testifying regarding his unsupported conclusion that Mr.

---

[1] Plaintiff does not object to the qualifications of Dr. Zuck as a general medical expert and any testimony regarding his personal observations made during his physical examinations of Plaintiff. Instead, Plaintiff objects to any testimony from Dr. Zuck regarding Dr. Zuck's opinion on Plaintiff's "ability to perform the job duties of the heavy porter position at the time he was cleared to return to work at the Borgata.

4

Daniyan "was physically able to perform the job duties of a heavy porter at the time he was cleared to return to work at the Borgata."

### B. DR. ZUCK'S TESTIMONY REGARDING PLAINTIFF'S FITNESS FOR THE POSITION OF HEAVY PORTER IS NOT RELIABLE

The second prong of the test under Rule 702 requires that the expert have "good grounds to support his belief," based on more than just his "subjective belief or unsupported speculation." *In re Human Tissue Products Liability Litigation*, 582 F.Supp.2d at 656. Accordingly, every step in the expert's analysis must be supported by the same "good grounds" and where any step in the analysis is deficient in this regard, the expert's testimony is inadmissible. *Id.* Testimony that is "connected to existing data only by the *ipse dixit* of the expert" is similarly inadmissible. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Here, not only has Dr. Zuck revealed a glaring lack of knowledge concerning the Heavy Porter position, but his deposition testimony additionally fails to demonstrate a basis for his decision to return Mr. Daniyan to work three days following his examination. Specifically, during his deposition, Dr. Zuck plainly stated both that he does not know why he cleared Mr. Daniyan to return to work and that he cannot say why he kept Mr. Daniyan out of work for only an additional three days after his examination. (*See* Zuck Dep., 82:20-83:3; 85:12-18). Because Dr. Zuck admits that he cannot express a reason why he deemed Mr. Daniyan fit to return to work, any testimony regarding his decision to return Plaintiff to the job of Heavy Porter would be *ipse dixit* and inadmissible. *See Thomas & Betts Corp. v. Richards Mfg. Co.*, No. 01 Civ. 4677, 2006 WL 902148, *15 (D.N.J. April 4, 2006) (stating that expert testimony regarding conclusions based on criteria the expert made up were *ipse dixit* and holding that opinion testimony regarding those conclusions is inadmissible); *see also Feit v. Great-West Life and Annuity Ins. Co.*, 460 F.Supp.2d 632, 641 (D.N.J. 2006) (excluding expert's opinion where it was

5

based on speculation and devoid of any discernible evidence). Where there is no factual basis on the record for an expert's opinion, such testimony will not be admitted. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir.2002) (holding that it is an abuse of discretion to admit expert testimony based on assumptions lacking any factual foundation in the record). Because Dr. Zuck's opinion regarding Mr. Daniyan's ability to return to the job of Heavy Porter cannot be based upon his knowledge of the position, and Dr. Zuck has not offered any basis for his opinion, his testimony regarding the position of Heavy Porter is not reliable and should not be admitted.

### C. DR. ZUCK'S TESTIMONY WILL NOT ASSIST THE TRIER OF FACT

The third and final prong in the analysis under Rule 702 requires that "the expert's testimony must be relevant [to] the purposes of the case and must assist the trier of fact." *Schneider v. Fried,* 320 F.3d 396, 404 (3d Cir. 2003). Expert testimony will not assist the trier of fact where the expert is testifying outside of his area of expertise (*see Jama v. Esmor Correctional Services, Inc.*, No. No. 97 Civ. 3093, 2007 WL 1847385, *37 (D.N.J. June 25, 2007), or where the expert was unable to offer the basis for his own conclusions. *Ortiz v. Yale Materials Handling Corp.*, No. 03 Civ. 3657, 2005 WL 2044923, *10 (D.N.J. Aug. 24, 2005). Both of these reasons for excluding expert testimony are implicated in the matter at bar. Specifically, as outlined above, testimony regarding the Heavy Porter position is far outside Dr. Zuck's area of expertise as his own deposition testimony fails to establish any basis of knowledge regarding the position. Further, Dr. Zuck was unable to offer any support for his conclusion that Plaintiff was fit to return to work on June 17, 2005 and further testified that he did not know why he cleared Mr. Daniyan to return to work. Because Dr. Zuck cannot offer any support or reasoning for his decision to return Plaintiff to work, and has no underlying knowledge of what Plaintiff's position required, his testimony will not assist the trier of fact and

should be precluded from offering testimony regarding Mr. Daniyan's ability to perform the job duties of the Heavy Porter position at the time he cleared to return to work at the Borgata.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant his motion i*n limine* and preclude Defendant from presenting the testimony of Dr. Glenn Zuck as an expert witness on the subject of the Heavy Porter position and Plaintiff's ability to return to work as a Heavy Porter at the time he was cleared to return to work.

Dated: December 30, 2010
New York, New York

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: /s/ Gregory N. Filosa
Gregory N. Filosa

85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845
gfilosa@twglaw.com

LAW OFFICE OF MARY L. BEJARANO, PC

Mary L. Bejarano (admitted *pro hac vice*)
118-21 Queens Boulevard, Suite 606
Forest Hills, NY  11363
Telephone:  (718) 408-1620
Facsimile:   (718) 261-9302
mary@bejaranolaw.com

*Counsel for Plaintiff*