UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
JOHAN DANIYAN,                                                   :
                                                                 :
                Plaintiff,                                    :
                                                                 :
                v.                                            :   No. 07 Civ. 02734 (JHR) (JS)
                                                                 :
MARINA DISTRICT DEVELOPMENT                                      :
COMPANY LLC, *d/b/a Borgata Hotel Casino &*                      :
*Spa*,                                                           :
                                                                 :
                Defendant.                                    :
                                                                 :
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM OFFERING TRIAL TESTIMONY FROM ITS <u>MEDICAL EXPERT VIA DEPOSTION TESTIMONY</u>

THOMPSON WIGDOR & GILLY LLP

Gregory N. Filosa
85 Fifth Avenue, 5th Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
gfilosa@twglaw.com

LAW OFFICE OF MARY L. BEJARANO, PC

Mary L. Bejarano
118-21 Queens Boulevard, Suite 606
Forest Hills, NY  11363
Telephone:  (718) 408-1620
Facsimile:   (718) 261-9302
mary@bejaranolaw.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ....................................................................................................................................... 1

CONCLUSION .................................................................................................................................... 5

## TABLE OF AUTHORITIES

## FEDERAL CASES

3 WILLIAM BLACKSTONE, COMMENTARIES 372-73 ............................................................................3

*Allgeier v. United States*,
  909 F.2d 869 (6th Cir. 1990) ..................................................................................................3

*Bobrosky v. Vickers*,
  170 F.R.D. 411 (W.D. Va. 1997).............................................................................................2

*Brown v. Kia Motors Corp.*,
  No. 06 Civ. 0804, 2010 U.S. Dist. LEXIS 1513 (W.D.Pa. Jan. 9, 2010) .............................2

*Chismar v. United States of America*,
  80 Civ. 1948 (CSH), 1982 U.S. Dist. LEXIS 14391 (S.D.N.Y. Aug. 6, 1982)...............2, 4

*Flores v. N.J. Transit Rail Operations, Inc.*,
  No. 96-3237, 1998 U.S. Dist. LEXIS 23194 (D.N.J. Oct. 30, 1998) ..............................2, 3

*Garcia-Martinez v. City & County of Denver*,
  392 F.3d 1187 (10th Cir. 2004) ..............................................................................................2

*Kirk v. Raymark Indus., Inc.*,
  61 F.3d 147 (3d Cir. 1995).......................................................................................................2

*Kolb v. County of Suffolk*,
  No. 79 Civ. 1065, 1985 U.S. Dist. LEXIS 23794 (E.D.N.Y. Dec. 26, 1985)..................3, 4

*Napier v. Bossard*,
  102 F.2d 467 (2d Cir. 1939).....................................................................................................2

*Ramada Worldwide, Inc. v. Bellmark Sarasota Airport*,
  No. 05 Civ. 2309 (HAA), 2006 U.S. Dist. LEXIS 96543 (D.N.J. June 15, 2006) ..............3

*U.S. v. Ismaili*,
  828 F.2d 153 (3d Cir. 1987).....................................................................................................2

## STATUTES

FED. R. EVID. 801...............................................................................................................................1

FED. R. EVID. 802...............................................................................................................................1

FED. R. CIV. P. 32...............................................................................................................................1

FED. R. EVID. 804 ..................................................................................................................1, 3

FED. R. CIV. PRO. 32 ..................................................................................................................3

Case 1:07-cv-02734-JHR -JS   Document 107   Filed 12/31/10   Page 4 of 9 PageID: 2130

**PRELIMINARY STATEMENT**

Plaintiff Johan Daniyan ("Plaintiff" or "Mr. Daniyan") respectfully submits this memorandum of law in support of his motion *in limine* seeking to preclude Defendant Borgata Hotel Casino ("Defendant" or the "Borgata") from introducing the trial testimony of Defendant's medical expert, Dr. Glenn Zuck, via a *de bene esse* or trial deposition rather than live, in-person testimony. In light of the strong preference for live testimony, as well as Dr. Zuck's availability to appear at trial, there is no reasonable basis for Defendant to present Dr. Zuck's trial testimony through anything but live, in-person testimony. While Defendant has not taken any formal steps to notice or schedule a *de bene esse* deposition for Dr. Zuck, Defendant's counsel has expressed that it was their intent to offer his trial testimony through video deposition testimony rather than live testimony. Thus, in abundance of caution, and so as not to cause unnecessary delay during the trial of this matter, Plaintiff seeks a pretrial ruling regarding this issue.

Notwithstanding Defendant's desire to introduce Dr. Zuck's testimony via a pretrial *de bene esse* deposition, Plaintiff's counsel has already coordinated with Dr. Zuck's office and has scheduled his attendance at trial for Thursday, January 13, 2011 at 1:00 p.m.[1] Accordingly, for the reasons discussed more fully below, Plaintiff respectfully requests that Court require Defendant to produce Dr. Zuck's expert testimony via live, in-person testimony.

**ARGUMENT**

**I.    THERE IS A STRONG PREFERENCE FOR LIVE TESTIMONY AT TRIAL**

As a general matter, deposition testimony is hearsay and inadmissible. *See* FED. R. EVID. 801, 802. When it is admissible, Fed. R. Civ. P. 32 and Fed. R. Evid. 804 limit its use in lieu of live testimony at trial to only those circumstance when the party offering the testimony can

---

[1] According to Dr. Zuck's office, this date and time is the only availability that Dr. Zuck has during the two week period beginning on January 10, 2011.

1

establish that the witness is unavailable to testify in person at trial. *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 165 (3d Cir. 1995) ("[I]t is an abuse of discretion for a district court to admit former testimony into evidence under Rule 804(b)(1) without a finding of unavailability."); *Flores v. N.J. Transit Rail Operations, Inc.*, No. 96-3237, 1998 U.S. Dist. LEXIS 23194, at *7-8 (D.N.J. Oct. 30, 1998) ("Rule 32 assumes that under normal circumstances the deposition of a witness will *not* be used at trial in lieu of that witness's live testimony.") (quoting *Bobrosky v. Vickers*, 170 F.R.D. 411, 413 (D.W.Va. 1997)) (quotations omitted); *see also Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.").

Similarly, the Third Circuit has expressed a "strong preference for live testimony" at trial. *See U.S. v. Ismaili*, 828 F.2d 153, 161 (3d Cir. 1987); *see also Brown v. Kia Motors Corp.*, No. 06 Civ. 0804, 2010 U.S. Dist. LEXIS 1513, at *5 (W.D.Pa. Jan. 9, 2010) ("The preference for a witness's attendance at trial is axiomatic. When the 'key factual issues' at trial turn on 'credibility' and 'demeanor' of the witness, [courts] prefer the finder of fact to observe live testimony of the witness") (quoting *Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004)); *Chismar v. United States of America*, 80 Civ. 1948-CSH, 1982 U.S. Dist. LEXIS 14391, at *1 (S.D.N.Y. Aug. 6, 1982) ("[L]ive testimony is especially important in a case such as this where the testimony and credibility of the witnesses in question is crucial as to both liability and damages.").

**II.   DEFENDANT CANNOT ESTABLISH THAT DR. ZUCK IS UNAVAILABLE TO PROVIDE LIVE TESTIMONY AT TRIAL**

Circumstances rendering a witness unavailable to testify include death, distance greater than 100 miles, advanced age, illness, infirmity, imprisonment, the party's inability to procure the witness through subpoena, or any other exceptional circumstance. *See* FED. R. CIV. PRO.

32(a)(4); *see also Flores*, 1998 U.S. Dist. LEXIS 23194, at *9. "The party seeking to admit a deposition at trial must prove that the requirements of Rule 32(a) have been met." *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990); *see also* FED. R. EVID. 804(a)(5). Here, Defendant has made no showing that Dr. Zuck in unavailable for live testimony at trial and – given that Plaintiff's counsel has already scheduled Dr. Zuck to testify at trial – Defendant cannot make such showing.

### III. PLAINTIFF WOULD BE UNFAIRLY PREJUDICED IF DEFENDANT WERE PERMITTED TO PRESENT DR. ZUCK'S TRIAL TESTIMONY VIA DEPOSITION RATHER THAN LIVE TESTIMONY

The trial process will be compromised if Defendant is permitted to substitute deposition testimony in the place of live testimony. First, the jury will be denied to opportunity to closely observe Dr. Zuck's demeanor, hobbling its ability to gauge his credibility. *See, e.g., Ramada Worldwide, Inc. v. Bellmark Sarasota Airport*, No. 05-2309 (HAA), 2006 U.S. Dist. LEXIS 96543, at *12 (D.N.J. June 15, 2006) ("[L]ive testimony is recognized as especially preferable over depositions where the factfinder will be required to make credibility determinations of the testifying witness."); *Kolb v. County of Suffolk*, No. 79 Civ. 1065, 1985 U.S. Dist. LEXIS 23794, at *5 (E.D.N.Y. Dec. 26, 1985) ("Live testimony is always preferred as it provides the trier of fact the opportunity to observe the demeanor of the witness."); 3 WILLIAM BLACKSTONE, COMMENTARIES *372-73 ("[O]pen examination of witnesses *viva voce*, in the presence of all mankind [empowers] the persons who are to decide upon the evidence [to] have an opportunity of observing the quality, age, education, understanding, behavior, and inclinations of the witness.")

Similarly, Dr. Zuck's live testimony will occur before Your Honor in a court of law, while any *de bene esse* deposition would presumably take place before a court reporter in his medical office in order to suit his convenience and comfort. The solemnity of open court and the

formality of the examination may affect the tenor of his testimony, his attention to detail, and his seriousness of purpose, all of which would assist the jury in making determinations regarding his credibility. Further when Dr. Zuck is examined in open court, the Court will have the opportunity to ask questions of him, direct the course of his examination, and assure that all relevant issues are addressed, which is an important factor underlying the strong preference for live, in-person testimony. *See, e.g., Kolb*, 1985 U.S. Dist. LEXIS 23794, at *5 ("[W]hen depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness."); *Chrismar*, 1982 U.S. Dist. LEXIS 14391, at *1 ("Even the most thorough deposition by opposing counsel cannot adequately substitute for the court's own first-hand observation of the witness's testimony and credibility.") Thus, any potential *de bene esse* deposition testimony of Dr. Zuck which Defendant would seek to admit at trial would be inherently inferior to live, in-person testimony.

In light of the foregoing, it is clear Plaintiff will be unfairly prejudiced if Defendant is allowed to substitute the deposition testimony of such an important expert witness. Dr. Zuck's veracity, credibility and competence are central to the just resolution of this controversy and both the jury and the Court must be given the opportunity to view his testimony in person, rather than via deposition testimony. The fact that Defendant has not, and cannot, established that Dr. Zuck is unavailable to provide live testimony at trial prevents it from offering his testimony via a *de bene esse* deposition. Thus, Plaintiff respectfully requests that the Court require Defendant to produce Dr. Zuck for live, in-person testimony if it wishes to call him as part of their case-in-chief.

## **CONCLUSION**

For all of the reasons set forth above, Plaintiff respectfully requests that the Court issue an Order requiring Defendant to produce Dr. Zuck for live testimony at trial if it wishes to call Dr. Zuck as part of its case-in-chief.

Dated: December 30, 2010
       New York, New York              Respectfully submitted,

                                       THOMPSON WIGDOR & GILLY LLP


                                       By:_____/s/_____
                                             Gregory N. Filosa

                                       85 Fifth Avenue
                                       New York, NY  10003
                                       Telephone:  (212) 257-6800
                                       Facsimile:  (212) 257-6845
                                       gfilosa@twglaw.com

                                       LAW OFFICE OF MARY L. BEJARANO, PC

                                       Mary L. Bejarano (admitted *pro hac vice*)
                                       118-21 Queens Boulevard, Suite 606
                                       Forest Hills, NY  11363
                                       Telephone:  (718) 408-1620
                                       Facsimile:   (718) 261-9302
                                       mary@bejaranolaw.com

                                       *Counsel for Plaintiff*