IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOHAN DANIYAN, | : | |
| | : | |
| Plaintiff | : | Civil Action |
| vs. | : | |
| | : | NO. 07-cv-02734 (JHR)(JS) |
| BORGATA HOTEL CASINO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

## TO BAR ANY TESTIMONY REGARDING

## A WAGE LOSS CLAIM

On the Brief:

Nancy A. Valentino, Esquire
0453
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ 08401
(609) 344-3161
nvalentino@cooperlevenson.com
Attorney for Defendant
Marina District Development Company, LLC
d/b/a Borgata Hotel Casino & Spa

### I. INTRODUCTION

Plaintiff has asserted a claim for lost wages as a result of his termination from the Borgata. Defendant now moves to bar any testimony with regard to lost wages as plaintiff has failed to mitigate his damages, has subsequently applied for and been approved for Social Security Disability and does not have an economic expert.

### II. FACTS

Plaintiff was terminated from his position as a Heavy Porter at the Borgata for failure to satisfactorily complete his probationary period. Following his termination, plaintiff failed to secure alternative employment in order to mitigate his lost wages. During his deposition plaintiff testified that he felt that he was going to be discriminated against because of his disability. (See portion of plaintiff's deposition testimony (hereinafter "Daniyan") conducted on July 17, 2008, and attached hereto as Exhibit "A", 86:23-25. Plaintiff also failed to provide any documentation and could not provide any details with respect to a search for employment. (Daniyan; 87:13-21) In addition, shortly after his termination and for reasons wholly unrelated to any injury he alleges to have sustained while employed at Borgata, plaintiff applied for and was approved for Social Security Disability. Finally, plaintiff has failed to obtain an economic expert to opine as to his alleged economic damages.

### III. LEGAL ARGUMENT

An employee who was damaged as a result of actions by the employer has a duty to take steps to minimize the loss by making a reasonable effort to find comparable employment. If the employee, through reasonable efforts, could have found comparable employment, any amount that he could reasonably have earned by obtaining comparable employment through reasonable

2

efforts shall be deducted from the amount of damages awarded to the employee. *See Brown v. Stites Concrete, Inc., 969 F.2d 705 (8th Cir. 1992); Kern v. Levelor Lorentzen, Inc., 899 F.2d 772, 781 (9th Cir. 1992).* In other words, plaintiff must prove that he actively sought comparable employment in an attempt to lessen any economic damages he alleges to have suffered. In the present matter, plaintiff has failed to come forth with any evidence to show that he attempted to mitigate his damages following his termination from the Borgata. In fact, plaintiff chose to attend a program in massage therapy but never even attained a position in that line of work. As such, plaintiff should be prevented from making a claim for lost wages.

In addition, plaintiff does not have an economic expert who will testify on his behalf regarding lost wages. Federal Rule of Evidence 701 addresses opinion testimony by lay witnesses. The Rule states that if a witness is not testifying as an expert, the witness' testimony in the form of opinion or inference is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Testimony regarding lost wages is clearly of scientific, technical or other specialized knowledge as it requires a complex calculation which factors in variables to determine lost wages, both past and future. An expert was not retained on plaintiff's behalf and therefore there are no witnesses qualified to testify with respect to any alleged lost wages.

Finally, shortly after his termination from Borgata, plaintiff sought and was approved for Social Security Disability based upon his alleged cognitive impairment. He has continuously received Social Security Disability since he was initially approved. Accordingly, plaintiff apparently was unable to earn the wages he claims to have lost. If plaintiff is unable to work due

3

to a cognitive disability, he should not be permitted to make a claim for lost wages as if he were ready, able and available to obtain employment. Plaintiffs are not permitted to be compensated from various sources simultaneously, thereby receiving a sum even greater than that which could have been earned. *See Riley v. Keenan, 406 N.J. Super. 281, 967 A.2d 868 (App.Div. 2009)*

### IV. CONCLUSION

Plaintiff has failed to mitigate his damages. In addition he has not retained an economic expert to testify regarding any alleged lost wages. Finally, plaintiff has been approved for Social Security Disability and is not entitled to recover an amount greater than he would have otherwise earned. For these reasons plaintiff should be barred from presenting any testimony regarding alleged lost wages resulting from his termination from the Borgata.

COOPER LEVENSON APRIL NIEDELMAN
& WAGENHEIM, P.A.

By: _____
NANCY A. VALENTINO, ESQUIRE
Attorney for Defendant, Marina District
Development Company, LLC d/b/a Borgata
Hotel Casino & Spa

DATED: JANUARY 3, 2011

CLAC; 475621.1

4

# EXHIBIT "A"

```
              UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
              CASE NO. 07-02734(JHR)(JS)


X-    -    -    -    -    -    -X
                                  :
JOHAN DANIYAN,                    :
                                  :
     Plaintiff,                   :
                                  :
          -vs-                    :
                                  :
MARINA DISTRICT DEVELOPMENT       :
COMPANY, LLC, d/b/a BORGATA       :
HOTEL CASINO & SPA,               :
                                  :
     Defendants.                  :
                                  :
X-    -    -    -    -    -    -X

          DEPOSITION OF:   JOHAN E. DANIYAN


          TAKEN BEFORE:    EDIELYN CASSELBERRY, a
Notary Public and Certified Court Reporter of
the State of New Jersey, License No. XI01981, at
the offices of L & L COURT REPORTING, LLC,
1125 Atlantic Avenue, Suite 416, Atlantic City,
New Jersey, on Thursday, July 17, 2008, commencing
at 10:13 a.m.


------------------------------------------------

              L & L COURT REPORTING, LLC
         CERTIFIED COURT REPORTERS & VIDEOGRAPHERS
            1125 ATLANTIC AVENUE - SUITE 416
             ATLANTIC CITY, NEW JERSEY  08401
                     (609) 927-2323
```

1  right side.
2      Q.   Was that because of the back injury?
3      A.   Yes.
4      Q.   Did you ever see any kind of doctors or
5  therapists or anything for your emotional upset
6  after you were fired from Borgata?
7      A.   No.
8      Q.   Did you ever take any kind of medication
9  for your emotional upset after being fired?
10     A.   No.
11     Q.   Let me ask you this:  You said that you
12 didn't apply for or look for other jobs for about
13 two months, was that because of how you felt
14 physically or how you felt emotionally?
15     A.   Emotionally and physically.
16     Q.   Now, where did you first start looking
17 for work?  You said you started looking at two
18 months?
19     A.   Yes.
20     Q.   Where did you start looking?
21     A.   After two months I tried to work at
22 AT&T, I tried Sears, I tried many different stores,
23 and I didn't get hired because I felt I was going
24 to be discriminated against because of my
25 disability because of my lower back.  Because once

```
 1  this happened, I didn't know if I was going to
 2  be -- I -- I felt that I was going to be
 3  discriminated against because of this proceeding
 4  happening right now.
 5       Q.   Because of your pending lawsuit?
 6       A.   Yes.
 7       Q.   Well, when you applied for a job at
 8  AT&T, what kind of job did you apply for?
 9       A.   Retail.
10       Q.   Did you tell them that you had been
11  terminated from Borgata?
12       A.   No.  I did it on-line.
13       Q.   You did it on-line you said?
14       A.   Yes.
15       Q.   The application?
16       A.   Yes, from my brother's computer.
17       Q.   You didn't get that job?
18       A.   No, I didn't.
19       Q.   Did you go for an interview?
20       A.   No.  I didn't receive any kind of
21  callbacks, so eventually I put myself in school.
22       Q.   So none of the jobs you applied for ever
23  even called you back?
24       A.   No.  I never received any calls since I
25  fell and I haven't received any now because of the
```