IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHAN DANIYAN,<br><br>                         Plaintiff<br>vs.<br><br>BORGATA HOTEL CASINO,<br><br>                      Defendant. | Civil Action<br><br>NO. 07-cv-02734 (JHR)(JS) |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

## TO LIMIT THE TESTIMONY OF ELLA SIMPSON

On the Brief:

Nancy A. Valentino, Esquire
0453
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ 08401
(609) 344-3161
nvalentino@cooperlevenson.com
Attorney for Defendant
Marina District Development Company, LLC
d/b/a Borgata Hotel Casino & Spa

## I.     INTRODUCTION

Plaintiff has brought this action alleging discrimination and retaliation based upon his alleged disability and filing for worker's compensation benefits. Defendant terminated plaintiff from his employment with Borgata for failing to successfully complete his probationary period. Defendant now moves to limit the testimony of plaintiff's witness, Ella Simpson, as she has been offered as a witness to testify with respect to issues for which are not within her personal knowledge and outside the scope of lay witness testimony.

## II.    FACTS

Plaintiff was employed as Heavy Porter in the Housekeeping Department of the Borgata from April of 2005 through to June of 2005. Plaintiff has offered Ella Simpson, his grandmother, as a witness on his behalf and indicates she is expected to testify on the following subject matter: (a) Mr. Daniyan's employment background, performance and experience with the Defendant; (b) relevant events that occurred at Defendant; (c) Mr. Daniyan's disability/hardship; (d) Mr. Daniyan's request for an accommodation for his disability/hardship; (e) Defendant's denial of Mr. Daniyan's request for an accommodation; (f) the discriminatory and retaliatory treatment Mr. Daniyan has been subjected to during his employment at Defendant, including, but not limited to, being subjected to discrimination due to his disability; (g) the claims and allegations in the Complaint, including the damages Mr. Daniyan has suffered; (h) Mr. Daniyan's request and need for workers' compensation benefits and all relevant information regarding Mr. Daniyan's Workers' Compensation claim; and (i) the effect of Defendant's discriminatory and retaliatory actions upon Mr. Daniyan.. Defendant submits that Ms. Daniyan has no knowledge of the areas in which she is being called to testify and her testimony should be limited to her own personal observations and knowledge.

2

### III. LEGAL ARGUMENT

Federal Rule of Evidence 701 addresses opinion testimony by lay witnesses. The Rule states that if a witness is not testifying as an expert, the witness' testimony in the form of opinion or inference is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Rule 602, Lack of Personal Knowledge, states that a witness may not testify to a matter unless evidence is introduced to support a finding that the witness has personal knowledge of the matter.

Ms. Simpson was not privy to any portion of plaintiff's personnel or departmental file which would have provided them with knowledge of any events which plaintiff now alleges were discriminatory or retaliatory in nature. As such, she would not be in a position to have personal knowledge of any aspect of plaintiff's claims of discrimination and/or retaliation and should be barred from testifying with respect to same.

In addition, at no time relevant to plaintiff's term of employment with Borgata did Ms. Simpson have the opportunity to make any observations with regard to plaintiff's background, performance or experience with defendant. She was never employed in a supervisory capacity with the Housekeeping Department at Borgata and therefore has no knowledge with regard to the work plaintiff performed there. As stated above, Ms. Simpson should be prevented from testifying with respect to these issues due to a lack of personal knowledge as required by Rule 602. With regard to plaintiff's disability/hardship, Ms. Simpson is not qualified in any way to give an opinion as to whether plaintiff was disabled at any time, including during his employment with defendant, as she has no medical background and is unable to make such an

3

assessment as it would require scientific, technical or other specialized knowledge pursuant to Rule 701. She was also not present with plaintiff at Borgata at any time relative to his employment and has no knowledge of whether plaintiff ever requested any type of accommodation. Finally, Ms. Simpson is not qualified to testify regarding plaintiff's alleged need for workmen's compensation benefits as this would be barred by Rule 701.

Finally, Ms. Simpson's testimony should be barred as hearsay. Rule 801(c) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Clearly any testimony Ms. Simpson offers with respect to plaintiff's work performance and experience with defendant, his alleged disability and any alleged request for accommodation, alleged discrimination and/or retaliation, a need for Workmen's Compensation benefits and alleged effects upon Mr. Daniyan would fall within the definition of hearsay as contained within Rule 801(c). Such testimony would certainly be offered for the truth of the matter asserted and would therefore be inadmissible.

## IV. CONCLUSION

Ms. Simpson should be barred from testifying with regard to any issue other than her personal observations of the plaintiff. In addition, any testimony from Ms. Simpson other than lay opinion testimony with regard to the issues she is being offered for should also be barred as she is not qualified to testify regarding plaintiff's medical condition. The Court should require a profer as to the anticipated testimony and conduct a Rule 104 hearing.

                      COOPER LEVENSON APRIL NIEDELMAN
                      & WAGENHEIM, P.A.

By: _____
                      NANCY A. VALENTINO, ESQUIRE
                      Attorney for Defendant, Marina District
                      Development Company, LLC d/b/a Borgata
                      Hotel Casino & Spa

DATED: JANUARY 3, 2011

CLAC; 475611.1