IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHAN DANIYAN, | : |
| Plaintiff : | Civil Action |
| vs. | : |
| | NO. 07-cv-02734 (JHR)(JS) |
| BORGATA HOTEL CASINO, | : |
| Defendant. : | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

## TO BAR SURVEILLANCE VIDEO

On the Brief:

Nancy A. Valentino, Esquire
0453
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ  08401
(609) 344-3161
nvalentino@cooperlevenson.com
Attorney for Defendant
Marina District Development Company, LLC
d/b/a Borgata Hotel Casino & Spa

## I. INTRODUCTION

Plaintiff slipped and fell on June 11, 2005 at the Borgata while working as a heavy porter. A portion of the relevant events was captured on a surveillance video. Borgata now seeks to bar the surveillance video at time of trial for the reasons stated below.

## II. FACTS

As indicated herein, plaintiff slipped and fell while working as a heavy porter at the Borgata on June 11, 2005. A portion of the incident was captured on video surveillance cameras and provided to plaintiff during the discovery period. Plaintiff recently sought to amend its trial exhibits to include the surveillance video. The video should be barred at time of trial pursuant to Federal Rule of Evidence 403.

## III. LEGAL ARGUMENT

Defendant Borgata does not deny that plaintiff fell at the Borgata while working as a heavy porter on June 11, 2005. A video surveillance film shows portions of the plaintiff's fall. Immediately following the incident the plaintiff was attended to and he proceeded to the Atlantic City Medical Center for further treatment. The surveillance footage does not depict any event other than the fall and the events immediately following same which Borgata admits to. Accordingly, introducing the video into evidence will serve no purpose.

Pursuant to Federal Rule of Evidence 403, evidence may be deemed inadmissible based upon the consideration of several factors. The two relevant factors deeming evidence inadmissible in this matter are the risk that prejudice outweighs probative value and that the evidence will be cumulative thereby being a waste of judicial time and resources. With respect to probative value being outweighed by prejudice, defendant submits that the only purpose

...

plaintiff would have in showing the video would be to inflame and thereby prejudice the jury. Defendant admits that the fall occurred. A review of the video may cause jurors to sympathize with the plaintiff which will result in prejudice to the defendant. In addition, the video would clearly be cumulative and a waster of judicial time as there is no dispute that plaintiff fell on the date he alleges in his Complaint. Accordingly, plaintiff should be barred from introducing the video into evidence at the time of trial.

## IV. CONCLUSION

Defendant admits that plaintiff fell at the Borgata while working on June 11, 2005. Introducing the video surveillance into evidence will serve no purpose in this matter. Rule 403 states that evidence will be deemed inadmissible where prejudice is outweighed by probative value and where the evidence is cumulative in nature. Defendant submits that in this matter prejudice outweighs probative value and the evidence will certainly be cumulative. For the foregoing reasons, plaintiff should be barred from introducing the surveillance video at time of trial.

COOPER LEVENSON APRIL NIEDELMAN<br>
& WAGENHEIM, P.A.<br>
<br>
By: _____<br>
NANCY A. VALENTINO, ESQUIRE<br>
Attorney for Defendant, Marina District<br>
Development Company, LLC d/b/a Borgata<br>
Hotel Casino & Spa

DATED: JANUARY 3, 2011
CLAC; 509714.1