IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHAN DANIYAN, | |
| Plaintiff | Civil Action |
| vs. | NO. 07-cv-02734 (JHR)(JS) |
| BORGATA HOTEL CASINO, | |
| Defendant. | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO BAR PLAINTIFF'S CLAIM REGARDING DISCIPLINES ALLEGED TO HAVE BEEN ISSUED IN RETALIATION FOR PLAINTIFF'S FIRST WORKERS COMPENSATION INJURY**

On the Brief:

Nancy A. Valentino, Esquire
0453
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ 08401
(609) 344-3161
nvalentino@cooperlevenson.com
Attorney for Defendant
Marina District Development Company, LLC
d/b/a Borgata Hotel Casino & Spa

## I. INTRODUCTION

Plaintiff has brought this action alleging discrimination and retaliation based upon his alleged disability and filing for worker's compensation benefits. Defendant terminated plaintiff from his employment as a heavy porter with the Housekeeping Department for failing to successfully complete his probationary period. Defendant now moves to bar any claim alleging that plaintiff was disciplined by defendant in retaliation for his first work-related injury on May 7, 2005.

## II. FACTS

Plaintiff alleges to have sustained a work-related shoulder injury on May 7, 2005. Following said injury plaintiff was placed on a brief period of light duty and returned to work without incident. Although plaintiff had only been working for defendant a short period of time, his work performance was unsatisfactory from the outset. It became apparent that plaintiff was simply not performing his job duties as required and he was issued disciplines as a result of same. These disciplines ultimately resulted in plaintiff being terminated from his heavy porter position for failing to satisfactorily complete his probationary period. During his deposition, plaintiff was questioned as to how and when he felt he was being discriminated against by defendant. Plaintiff clearly stated that he believed he was being discriminated against as a result of his lower back injury. (See portion of plaintiff's deposition testimony (hereinafter "Daniyan") conducted on July 17, 2008, and attached here as Exhibit "A", 38:4-5)

## III. LEGAL ARGUMENT

The allegation that plaintiff was retaliated against based upon his first work-related injury on May 7, 2005, was not raised until such time as discovery had ended and the parties were preparing the Pretrial Order. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading

2

that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint filed in this matter does not make any reference whatsoever to retaliation based upon plaintiff's initial workplace injury of May 7, 2005. This allegation was also not raised at any time during the discovery period in this matter or contained within plaintiff's Rule 26 Disclosure Statement or Answers to Interrogatories.

Plaintiff was questioned regarding alleged discrimination at the time of his deposition. He testified that he believed he was discriminated against based upon his low back injury which occurred on June 11, 2005. (Daniyan, 38:4-5) The very first time any reference was made to retaliation with respect to the issuance of disciplines following plaintiff's May 7, 2005 work-related injury, was during the preparation of the Pretrial Order. Accordingly, defendant did not have any notice of this allegation during the discovery period and was not afforded an opportunity to develop a defense with regard to this newly raised claim. Pursuant to Rule 403 of the Federal Rules of Evidence, evidence may be excluded where a danger of unfair prejudice exists. This claim, and any evidence presented with regard to same, clearly prejudices defendant. It would be manifestly unjust to permit plaintiff to make this claim or to seek any recovery from defendant based upon a claim of retaliation as a result of his work-related injury on May 7, 2005 as defendant was not afforded an opportunity to defend such a claim.

## IV. CONCLUSION

Plaintiff did not raise the allegation of retaliation as a result of his first work-related injury on May 7, 2005, until such time as discovery in this matter had ended and the parties were preparing the Pretrial Order. In fact, plaintiff testified that he believed he was discriminated against as a result of his alleged low back injury of June 11, 2005. Defendant was not apprised of the opportunity to adequately defend this allegation during the discovery period. Accordingly,

plaintiff should be barred from bringing this claim and/or seeking any recovery from defendant with respect to this newly raised allegation.

                                                COOPER LEVENSON APRIL NIEDELMAN
                                                & WAGENHEIM, P.A.

                                       By: _____
                                                NANCY A. VALENTINO, ESQUIRE
                                                Attorney for Defendant, Marina District
                                                Development Company, LLC d/b/a Borgata
                                                Hotel Casino & Spa

DATED: JANUARY 3, 2011

CLAC; 475644.1

# EXHIBIT "A"

```
                UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
                CASE NO. 07-02734(JHR)(JS)


X- - - - - - -X
                                       :
JOHAN DANIYAN,                         :
                                       :
     Plaintiff,                        :
                                       :
          -vs-                         :
                                       :
MARINA DISTRICT DEVELOPMENT            :
COMPANY, LLC, d/b/a BORGATA            :
HOTEL CASINO & SPA,                    :
                                       :
     Defendants.                       :
                                       :
X- - - - - - -X
```

DEPOSITION OF: JOHAN E. DANIYAN

TAKEN BEFORE: EDIELYN CASSELBERRY, a Notary Public and Certified Court Reporter of the State of New Jersey, License No. XI01981, at the offices of L & L COURT REPORTING, LLC, 1125 Atlantic Avenue, Suite 416, Atlantic City, New Jersey, on Thursday, July 17, 2008, commencing at 10:13 a.m.

---

L & L COURT REPORTING, LLC
CERTIFIED COURT REPORTERS & VIDEOGRAPHERS
1125 ATLANTIC AVENUE - SUITE 416
ATLANTIC CITY, NEW JERSEY  08401
(609) 927-2323

1  because of my disability.
2      Q.   Okay.  In what way do you think you were
3  treated unfairly?
4      A.   I was treated unfairly because of my
5  dyslexia and my lower back injury and it kept me
6  from receiving workers' comp for me to maintain
7  living expenses and things that I needed.
8      Q.   Well, let's talk about the dyslexia.
9           How do you feel that you were treated
10 unfairly because of your dyslexia?
11     A.   I felt that I was treated unfairly
12 because I was discriminated against and I got fired
13 and I was feeling harassed because of my
14 disability.
15     Q.   How do you think you were being
16 harassed?
17     A.   Because of my dyslexia.
18     Q.   Well, what type of harassment was
19 happening to you?
20     A.   Like I was receiving phone calls,
21 multiple calls after my injury for things that I
22 didn't really understand at the time of my injury.
23     Q.   What types of things did you not
24 understand after your injury?
25     A.   Like once I fell, I'm receiving phone