IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHAN DANIYAN,<br><br>　　　　　　　　　Plaintiff<br><br>vs.<br><br>BORGATA HOTEL CASINO,<br><br>　　　　　　　　　Defendant. | Civil Action<br><br>NO. 07-cv-02734 (JHR)(JS) |

# BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO BAR ANY TESTIMONY REGARDING ALLEGED MENTAL DISABILITY OR COGNITIVE IMPAIRMENT

On the Brief:

Nancy A. Valentino, Esquire
0453
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ  08401
(609) 344-3161
nvalentino@cooperlevenson.com
Attorney for Defendant
Marina District Development Company, LLC
d/b/a Borgata Hotel Casino & Spa

## I. INTRODUCTION

In his Complaint in this matter, plaintiff alleges to have been discriminated against in violation of the NJLAD due to an alleged mental disability (dyslexia). Defendant now moves to bar any testimony regarding the alleged mental disability for the reasons listed herein.

## II. FACTS

Plaintiff alleges to have been discriminated against based upon a cognitive disability. In its Motion for Summary Judgment, defendant moved to bar the claim of discrimination based upon the alleged mental disability. Among other things, defendant argued that said alleged disability was not readily apparent and defendant had no knowledge of said disability during plaintiff's term of employment at Borgata. Defendant was successful in having this claim of discrimination dismissed. As such plaintiff should be barred from offering testimony from any witness with respect to this issue.

## III. LEGAL ARGUMENT

Plaintiff's claim as to discrimination based upon an alleged cognitive disability has been dismissed by way of Summary Judgment. Accordingly, any testimony regarding this alleged disability should be barred as it is irrelevant to the facts of this case. Pursuant to Federal Rule of Evidence 402, evidence which is not relevant is not admissible. Relevant Evidence, as defined in Rule 401, means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Whether or not plaintiff has a cognitive impairment is certainly of no consequence in this matter as any claims based upon the alleged mental disability have been dismissed.

In addition, Rule 403 permits the exclusion of evidence where prejudice is outweighed by probative value. In the present matter not only would prejudice outweigh probative value, there

is a total lack of probative value as the issue of mental disability is not being considered by the jury. Accordingly, any evidence of any alleged mental disability should be barred.

Plaintiff does not have a medical expert to testify with regard to any alleged mental disability. Pursuant to Rule 701, a lay witness may not give opinions or inferences which are based on scientific, technical or other specialized knowledge within the scope of Rule 702. Certainly any testimony regarding an alleged mental disability is of the type of opinion or inference that falls within the realm of expert testimony. Plaintiff does not have an expert to testify with regard to this issue and therefore any testimony regarding an alleged mental disability should be barred.

## IV.   CONCLUSION

As indicated herein, any claims regarding plaintiff's alleged mental disability have been dismissed as a result of the ruling in defendant's Motion for Summary Judgment. In addition, plaintiff does not have a medical expert to testify with regard to this issue. Accordingly, any testimony regarding this issue should be barred at time of trial.

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.

By: _____
NANCY A. VALENTINO, ESQUIRE
Attorney for Defendant, Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa

DATED: JANUARY 3, 2011

CLAC; 475627.1

3