IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOHAN DANIYAN, | : | |
| Plaintiff : | Civil Action |
| vs. | : | |
| | : | NO. 07-cv-02734 (JHR)(JS) |
| BORGATA HOTEL CASINO, | : | |
| | : | |
| Defendant. : | |
| | : | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

**TO BAR TESTIMONY FROM PLAINTIFF'S CO-WORKERS**

On the Brief:

Nancy A. Valentino, Esquire
0453
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ  08401
(609) 344-3161
nvalentino@cooperlevenson.com
Attorney for Defendant
Marina District Development Company, LLC
d/b/a Borgata Hotel Casino & Spa

## I. INTRODUCTION

Plaintiff has brought this action alleging discrimination and retaliation based upon his alleged disability and filing for worker's compensation benefits. Defendant terminated plaintiff from his employment with Borgata for failing to successfully complete his probationary period. Defendant now moves to bar the testimony of plaintiff's witnesses and former Borgata co-workers as these individuals are not qualified to testify with regard to the subject matter they have been offered for.

## II. FACTS

Plaintiff has offered former co-workers Earl Miller, James Woodson, Thai Lee, Levi Baily, Richard Milanes, and Enrique Vargas as witnesses on his behalf. Each of the above named individuals are also worked as Heavy Porter at the Borgata. He intends to call these individuals to testify with respect to the following issues: (a) plaintiff's employment background, performance and experience at defendant; (b) relevant events that occurred at defendant; (c) the discriminatory and retaliatory conduct plaintiff has been subjected to during his employment at defendant; (d) the claims and allegations in the Complaint; (e) defendant's policies, practice and procedures: (f) defendant's polices, practices and procedures regarding linens, the linen chute, porter keys, attendance policies and work-related injuries; and (g) the effect of defendant's discriminatory actions upon plaintiff. Defendant submits that not one of the above names witnesses is qualified to testify with respect to any of the issues for which they have been named.

## III. LEGAL ARGUMENT

The testimony of lay witnesses should be limited to their personal knowledge as it is deemed to be relevant to the claims at issue. Federal Rule of Evidence 701 addresses opinion

testimony by lay witnesses. The Rule states that if a witness is not testifying as an expert, the witness' testimony in the form of opinion or inference is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Rule 602, Lack of Personal Knowledge, states that a witness may not testify to a matter unless evidence is introduced to support a finding that the witness has personal knowledge of the matter.

Each of the above named individuals listed by plaintiff is a former co-worker who shared the same job title of "heavy porter" at all relevant time periods. Not one of these individuals worked in a supervisory or managerial position in the Housekeeping Department during plaintiff's term of employment with Borgata. Any testimony these individuals would provide would fail to meet even the first requirement of Rule 701 as the opinions would have no "rational basis". These individuals are not qualified to discuss plaintiff's work experience and/or performance as they were not in a position to make an assessment with respect to same.

Also, these individuals were not privy to any portion of plaintiff's personnel or departmental file which would have provided them with knowledge of any events which plaintiff now alleges were discriminatory or retaliatory in nature. As such, they would not be in a position to have personal knowledge of any aspect of plaintiff's claims of discrimination and/or retaliation and should be barred from testifying with respect to same. Rules 701 and 602 prevent these individuals from testifying with respect to discrimination and/or retaliation towards plaintiff.

These individuals have also been named with respect to the claims and allegations in plaintiff's Complaint. Putting aside the fact that this is a broad statement, the claims and

3

allegations in plaintiff's Complaint related to an alleged disability, plaintiff's work performance and alleged discrimination and/or retaliation and Worker's Compensation benefits. The named individuals, at all times relevant hereto, were not in a position to obtain any knowledge relative to the allegations in the Complaint or information regarding plaintiff's Workmens' Compensation benefits. Again, these individuals lack the personal knowledge required by Rule 602 and should be barred from testifying with respect to the issues proffered at time of trial.

The plaintiff's former Borgata co-workers are also being offered to testify with respect to defendant's policies and procedures as well as with respect to specific areas including linens, the linen chute, porter keys, attendance policies and work-related injuries. As these individuals are all union employees who were employed at all times in the position of heavy porter, they are not qualified to testify with respect to Borgata's policies and procedures in general, or as they apply to the specific areas noted. The named individuals are subject to the same polices and procedures and are in no way responsible for implementing or enforcing same. Accordingly, their testimony with respect to Borgata policies and procedures should be barred.

Finally, the named individuals are being offered to testify with respect to the effect of defendant's alleged discriminatory actions upon plaintiff. Although the reference to "effect" is vague, these individuals are not qualified to give testimony with regard to medical, emotional or financial effects that the plaintiff alleges to have suffered. As is the case with the prior issues these witness are being offered to testify on, they lack personal knowledge as defined in Rule 602 and fail to meet the requirements for lay testimony as stated in Rule 701. There is absolutely no basis for permitting these individuals to testify as to these issues and they should be barred from doing so.

The testimony of these individuals should also be barred as hearsay. Rule 801(c) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Clearly any testimony these individuals would give with respect to plaintiff's work performance and experience with defendant, the claims and allegations within the Complaint, alleged discrimination and/or retaliation, defendant's policies and procedures and alleged effects upon Mr. Daniyan would fall within the definition of hearsay as contained within Rule 801(c). Such testimony would certainly be offered for the truth of the matter asserted and would therefore be inadmissible.

## IV. CONCLUSION

Plaintiff has listed former Borgata co-workers as witnesses on his behalf. These individuals worked in the same position as plaintiff during his term of employment with Borgata. They are not qualified to testify with respect to the subject matter for which they have been offered. Accordingly, Earl Miller, James Woodson, Thai Lee, Levi Bailey, Richard Milanes and Enrique Vargas should be barred from testifying at time of trial. Alternatively, plaintiff's counsel should be required to make a profer concerning the anticipated testimony of these individuals and the Court should thereafter conduct a Rule 104 hearing.

COOPER LEVENSON APRIL NIEDELMAN
& WAGENHEIM, P.A.

By: _____
NANCY A. VALENTINO, ESQUIRE
Attorney for Defendant, Marina District
Development Company, LLC d/b/a Borgata
Hotel Casino & Spa

DATED: JANUARY 3, 2011

CLAC; 475622.1