IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHAN DANIYAN, | : |
| | : No. 07-cv-02734 (JHR)(JS) |
| Plaintiff | : |
| vs. | : |
| | : Civil Action |
| BORGATA HOTEL CASINO, | : |
| | : |
| Defendant. | : |

# DEFENDANT'S TRIAL BRIEF

**On the Brief:**
**Nancy A. Valentino, Esquire**
COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - 3rd Floor
Atlantic City, New Jerset  08401

## **TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Introduction | | 3 |
| II. | Factual Summary | | 4 |
| III | Legal Argument | | |
| | A. | Plaintiff Has Failed To Set Forth Any Evidence That His Alleged Disabilities Render Him a Member of a Protected Class | 5 |
| | | 1. Plaintiff is Unable to Establish a Prima Facie Case Of Disability Discrimination | 5 |
| | | 2. Plaintiff Has Not Proven That His Back Injury Is A Disability or That Plaintiff Was Perceived As Disabled As A Result | 6 |
| | B. | Plaintiff Has Not Produced Any Evidence That His Disability Was a Determinative Factor in His Termination | 8 |
| | | 1. Plaintiff Had Documented Poor Work Performance During His Probationary Period with the Borgata | 9 |
| | C. | Plaintiff Has Not Proven That He Was Retaliated Against For Pursuing Worker's Compensation Benefits | 11 |
| | D. | Award of Punitive Damages Is Not Warranted In this Matter | 12 |
| IV | Conclusion | | 13 |

Case 1:07-cv-02734-JHR -JS   Document 132   Filed 01/03/11   Page 3 of 16 PageID: 2274

## TABLE OF AUTHORITIES

### Cases

49 Prospect Street Tenants Association v. Sheva Gardeners, Inc., 227 N.J., Super. 499 (App. Div. 1988).................................................................................................................12

Allendorf v. Kaiserman Enterprises, 266 N.J. Super 662, 675 (App. Div. 1993)........................13

Berg v. Reaction Motors Div., 37 N.J. 396, 413 (1962)..............................................................12

Clowes v. Terminix Int'l, Inc., 109 N.J. 575 (1988) ..................................................................5, 7

Edwards v. Our Lady of Lourdes Hospital, 217 N.J. Super. 449 (App. Div. 1987) ....................13

Entwistle v. Draves, 102 N.J. 559, 562 (1986)............................................................................12

Erickson v. Marsh & McLennan Co., 117 N.J. 539 (1990)...........................................................5

Greenberg v. Camden County Vocational & Technical Schs., 310 N.J.Super. 189, 189, 200 (App. Div. 1998).......................................................................................................................8

Herman v. Sunshine Chemical Specialties, Inc., 133, N.J. 329, 339 (1993)................................13

Kelly v. Bally's Grand, Inc., 285 N.J.Super. 422, 432 (App. Div. 1995) ..................................7, 8

Kelly v. Drexel University, 94 F.3d. 109 (3rd Cir. 1996) .............................................................7

Leimgruber v. Claridge Associates, Ltd., 73 N.J. 450, 454 (1977)..............................................13

LoRocco v. N.J. Mfg. Ind. Co., 82 N.J. Super. 323, 327 (App. Div. 1964), cert. denied 42 N.J. 144 (1964) .......................................................................................................................12

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, S.Ct. 1817, 36 L.Ed.2d. 668 (1973); .....................................................................................................................................6

Nappa v. Anschelwitz, Barr, Ansell and Bonello, 97 N.J. 37, 49 (1984).....................................13

Reeves v. Johnson Controls World Services, Inc., 140 F. 3d 144 (2d Cir. 1998).........................8

Reynolds v. The Palnut Company, 330 N.J. Super 162, 170 (App Div. 2000).............................8

Sempier v. Johnson & Higgins, 45 F.3d. 724, 728 (3d. Cir. 1995). ................................................6

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq ..........................................5

Waldron v. SL Industries, Inc., 849 F.Supp. 996, 1000 (D.N.J. 1994) ..........................................5

Woolley v. Hoffman-LaRoche, Inc, 99 N.J. 284, 309 (1985) .......................................................13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ  08401
(609) 344-3161
File No. 51154.22
Attorney for Defendant, Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa

| | |
|---|---|
| JOHAN DANIYAN, | NO. 07-cv-02734 (JHR)(JS) |
| Plaintiff | |
| vs. | Civil Action |
| BORGATA HOTEL CASINO, | **DEFENDANT'S TRIAL BRIEF** |
| Defendant. | |

## I. INTRODUCTION

This case arises from plaintiff's claim that while on his probationary period as a Heavy Porter in the Housekeeping Department at the Borgata, he was wrongfully terminated. Plaintiff specifically claims his termination was wrongful under the American's with Disabilities Act, New Jersey Law Against Discrimination and/or New Jersey Workers' Compensation Act. For the reasons set forth herein, each and every claim of plaintiff fails as a matter of law. Defendant denies these assertions and will submit evidence to support the legitimate nondiscriminatory reason for plaintiff's termination. Specifically, plaintiff had several instances of poor performance during his probationary period, thus warranting the discontinuation of his employment.

3

## II. FACTUAL SUMMARY

Plaintiff began working at Borgata in April, 2005 as a guest room attendant and on May 9, 2005 was transferred to the position of a Heavy Porter. The transfer was not a promotion, but the position of Heavy Porter was on a different pay scale and thus resulted in an adjustment of his pay effective May 9, 2005. Plaintiff had multiple episodes of poor performance. Those instances included: leaving dirty linens on his assigned floors on May 14, 2005; failure to complete his job duties within the assigned time period on May 21, 2005; loss of his porter key and failure to timely report same on June 9, 2005; and plaintiff was suspended on June 17, 2005 for failing to bring in medical paperwork necessary to substantiate his absence.

On June 11, 2005 plaintiff slipped and fell while attempting to carry a trash bag. He was transported to the hospital immediately following the fall and was diagnosed with a bruised coccyx. He was excused from work for two days by a doctor's note from the AtlantiCare Regional Medical Center. Plaintiff failed to call Borgata to apprise them of his condition or call out of work on June 12, 2005. Plaintiff's supervisor, Santosh Kuruvilla, contacted plaintiff on June 12, 2005 and advised that he needed to report to work to provide his medical documentation from ARMC. Plaintiff reported to Borgata on June 13, 2005 at which time he was provided a drug test consistent with Borgata's drug testing policy, which provides all individuals involved in a work related accident are to be tested for the use of illicit drugs and/or alcohol. Since plaintiff was transported to the hospital and did not immediately return to Borgata, this was Borgata's first opportunity to administer the drug test. Plaintiff was also referred to Dr. Glenn Zuck, an orthopedic surgeon

Since plaintiff's termination we have learned that he was dishonest in his employment application. Plaintiff stated on his employment application that he was laid off from Tropicana,

4

where he had also worked as a guest room attendant. In fact, plaintiff had also failed his probationary period at Tropicana due to poor performance.

Plaintiff is using his alleged disability as an attempt to insulate himself from the standard expectations of his employment with Borgata. Borgata has terminated plaintiff for a legitimate nondiscriminatory reason, poor job performance. Plaintiff's claims of discrimination in violation of NJLAD and the ADA, as well as discrimination in violation of the New Jersey Workmens' Compensation Act are without merit.

### III. LEGAL ARGUMENT

#### A. PLAINTIFF HAS FAILED TO SET FORTH ANY EVIDENCE THAT HIS ALLEGED DISABILITIES RENDER HIM A MEMBER OF A PROTECTED CLASS.

Plaintiff has made claims of discrimination under the New Jersey Law Against Discrimination (NJLAD) and/or American's with Disabilities Act (ADA) claiming he was wrongfully terminated due to his alleged cognitive and/or back disability. The NJLAD and ADA are "governed by the same standards and burden of proof structures applicable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. . ." Keller v. Orix Credit Alliance Inc., 105 F.3d 1508 (3rd. Cir. 1997), Waldron v. SL Industries, Inc., 849 F.Supp. 996, 1000 (D.N.J. 1994) Erickson v. Marsh & McLennan Co., 117 N.J. 539 (1990); Clowes v. Terminix Int'l, Inc., 109 N.J. 575 (1988). Therefore, the determination of plaintiff's claims for disability discrimination shall follow the same burden shifting analysis.

##### 1. Plaintiff Is Unable To Establish A Prima Facie Case Of Disability Discrimination.

5

Plaintiff claims he was discriminated against because of an alleged disability when he was wrongfully terminated. To establish a prima facie case when a plaintiff has alleged that his termination was based upon unlawful disability discrimination, the plaintiff must prove:

(1) he was handicapped;
(2) that he was qualified for the position, also described as performing his job at a level that met his employer's legitimate expectations;
(3) that he nevertheless was terminated; and
(4) that he was replaced by someone of equal or less qualifications and a non-protected class.

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, S.Ct. 1817, 36 L.Ed.2d. 668 (1973); Keller v. Orix, 105 F.3d. 1508, citing, Sempier v. Johnson & Higgins, 45 F.3d. 724, 728 (3d. Cir. 1995). Viscik v. Fowler Equipment, 173 N.J. 1 (2002).

In the present matter, plaintiff can not meet the prima facie case of disability discrimination as he can not establish that he is disabled and thus belongs to a protected class. First, plaintiff can not establish that either of his alleged conditions, the back sprain or the cognitive dysfunction, rise to the level of a disability. Second, plaintiff can not prove that he was ever regarded as disabled for either the alleged back sprain or the alleged cognitive dysfunction. It is unclear whether plaintiff argues that he was discriminated against because he was disabled or because Borgata "regarded" him as disabled. In either case, plaintiff has failed to prove that he was actually disabled and/or defendant knew of his alleged cognitive disability at the time he was hired by the Borgata or at any time, up to and including the time of his termination from the Borgata.

### 2. Plaintiff Has Not Proven That His Back Injury A Disability Or That Plaintiff Was Perceived Disabled As A Result.

Plaintiff was diagnosed with a back sprain on June 11, 2005, following a fall at Borgata, and was authorized to return to work full duty on June 17, 2005. Plaintiff received emergency treatment on the date of incident, 6/11/05 and was released later that evening with pain

6

medication. Thereafter, plaintiff reported to the Borgata workers compensation doctor, Dr. Glen Zuck, on June 14, 2005. Dr. Zuck performed an evaluation and determined that plaintiff could return to work full duty on June 17, 2005.

A handicap under the NJLAD may be physical or non-physical. Clowes v. Terminix Int'l, Inc., 109 N.J. 575 (1988). Although there is not an exhaustive list of physical handicaps, N.J.S.A. 10:5-5(r), lists paralysis, amputation, lack of physical coordination and blindness as physical handicaps. A condition labeled as a disability, handicap or disease for purposes of clinical research or medical treatment is not necessarily a "handicap" for purposes of the LAD. It has been held that a back sprain does not constitute a physical handicap which requires accommodation. N.J. Attorney General Formal Opinion No. 1-1989, pp 2-3 (Oct. 6, 1989), 125 N.J.L.J. 100, (Jan. 11, 1990) The ADA defines "disability" as: a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarding as having such an impairment. 42 U.S.C. §12102(2). Plaintiff's treating physician, Dr. Glenn Zuck, found plaintiff was able to return to work full duty as of June 17, 2005. Therefore, according to plaintiff's treating physician, plaintiff was had no medical limitation as of June 17, 2005 and therefore was clearly not disabled at the time of his termination. Plaintiff has not provided one scintilla of evidence to prove that a back injury of the nature sustained by plaintiff constitutes a disability under either the NJLAD or ADA.

In addition, plaintiff can not establish that Borgata perceived him as disabled as a result of the alleged back injury. According to federal courts, "the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that the perception caused the adverse employment action." Kelly v. Drexel University, 94 F.3d. 109 (3rd Cir. 1996); Reeves v. Johnson Controls World Services,

7

Inc., 140 F. 3d 144 (2d Cir. 1998). In the present matter, Borgata was aware plaintiff had fallen; however, the employer did not regard him as disabled and had received documentation indicating plaintiff could return to work full duty on June 17, 2005.

Plaintiff has not produced any evidence in this matter to support the claim that this back injury constituted a disability pursuant to the ADA or the NJLAD. Therefore, plaintiff is unable to establish that he is a member of a protected class and therefore his claims under the ADA and NJLAD should be dismissed as a matter of law.

### B. PLAINTIFF HAS NOT PRODUCED ANY EVIDENCE THAT HIS DISABILITY WAS A DETERMINATIVE FACTOR IN HIS TERMINATION.

If this Court were to find that plaintiff is able to establish that he was disabled and therefore a member of a protected category under the ADA and NJLAD, plaintiff's claim still fails as a matter of law. Borgata has articulated a legitimate nondiscriminatory reason for plaintiff's termination; his failure of the 90 day probationary period due to poor performance. Once defendant has articulated a legitimate non-discriminatory reason for plaintiff's termination, plaintiff must prove that the articulated reason was merely a pretext to mask the discrimination or was not the true motivating reason for the employment decision. Reynolds v. The Palnut Company, 330 N.J. Super 162, 170 (App Div. 2000); Greenberg v. Camden County Vocational & Technical Schs., 310 N.J.Super. 189, 189, 200 (App. Div. 1998). Plaintiff is obligated to show sufficient evidence to support an inference that the employer did not act for its stated non-discriminatory reasons. Kelly v. Bally's Grand, Inc., 285 N.J.Super. 422, 432 (App. Div. 1995). Plaintiff has not offered any evidence to support an inference that Borgata did not fire plaintiff because he had failed his 90 day probationary period. Even if the Court finds that plaintiff is disabled and therefore a member of a protected class, plaintiff is still unable to prove he was

8

terminated because of a sprained back as opposed to his failure to successfully complete the probationary period.

Plaintiff was terminated for a legitimate non-discriminatory reason during his 90 day probationary period in the Housekeeping Department. Plaintiff's work performance and violation of the policies and procedures during the probationary time period constituted a failure to meet departmental requirements and that is the sole reason for his termination from his employment with the Borgata.

Plaintiff attended orientation at the onset of his term of employment with the Borgata. Plaintiff was also advised that the first 90 days of his employment were considered a probationary period to determine if plaintiff was able to perform his job duties as required. Plaintiff received discipline in the form of verbal coaching and written warnings on several occasions prior to his termination. Plaintiff's termination took place within the 90 day probationary period, during which time plaintiff was aware that his job performance was being carefully scrutinized. Plaintiff has not offered any evidence to support an inference that Borgata did not fire plaintiff because he had failed his 90 day probationary period.

### 1. Plaintiff had documented poor work performance during his probationary period with the Borgata.

Plaintiff was written up for leaving dirty linens on the floor in the hallway contrary to the direction of his supervisors. The verbal coaching indicated unsatisfactory work performance on behalf of plaintiff and states that upon inspection plaintiff's managers found dirty linen on floors 4, 5 and 6. Over three years following his termination, plaintiff testified as to the job duties of a heavy porter indicating that he had knowledge of those duties. These job duties did not include leaving soiled linens on the floor at the end of a shift when removal of linens is one of the main

9

duties and responsibilities of a Heavy Porter. This was the first instance where plaintiff's poor work performance was memorialized in writing.

Plaintiff was also disciplined for his failure to complete his work assignments during his allotted time on May 21, 2005. On this particular occasion plaintiff failed to complete the work assigned to him during his shift. The written warning contained language indicating further occurrences may result in further coaching events, up to and including termination. Alexander Macchione stated that plaintiff did not want to do his job on his own. This observation of plaintiff and his work ethic was made early on in his employment with Borgata and well before he sustained any workplace injury.

In addition, plaintiff was disciplined when he lost his porter key and failed to report this loss immediately as required by Borgata policy. As a result of this incident which took place on June 9, 2005, plaintiff was issued a Final Written Warning. The porter key allows access to the linen closets located on each floor of the hotel tower. Loss of this key exposes Borgata to potential theft that could amount to tens of thousands of dollars. During his orientation with the Housekeeping Department plaintiff was made aware of the importance of not losing a porter key and of reporting same immediately if a loss occurred. Plaintiff failed to follow the policy, compromising the safety and security of the Borgata and its property.

Finally, plaintiff failed to submit his medical documentation as requested to substantiate his medical need for absence. Plaintiff was aware that he was required to submit medical documentation to the Borgata following his slip and fall as he had done just weeks before with regard to his left shoulder injury. On June 17, 2005, plaintiff was issued a suspension as a result

of his failure to submit the paperwork from his hospital visit on the date of his slip and fall, June 11, 2005. Despite the fact that defendant contacted the plaintiff numerous times he failed to comply with repeated requests to submit all documents he received from the hospital that had treated and evaluated his condition following his fall. Plaintiff does not allege to suffer from any disorder which would prevent him from following the simple instruction that he must submit all medical paperwork received from the hospital to his employer. However, once this paperwork was submitted, plaintiff was not subject to further discipline for this failure to follow direction.

Borgata has articulated that the sole basis for plaintiff's termination was his failure to successfully complete his 90 day probationary period. Plaintiff's failure to successfully complete the probationary period was comprised of three incidents of poor performance. Plaintiff has not produced an iota of evidence to prove he was not terminated due to his failure of the probationary period and that the true reason was his alleged disability. Therefore, plaintiff's claim for wrongful termination in violation of the NJLAD and ADA should fail as a matter of law.

### C. PLAINTIFF HAS NOT PROVEN THAT HE WAS RETALIATED AGAINST FOR PURSUING WORKER'S COMPENSATION BENEFITS.

Plaintiff's claim that he was retaliated against for pursuing worker's compensation benefits is completely without merit. The New Jersey Workers' Compensation Law makes it unlawful to discharge or discriminate against an employee because he has claimed or attempted to claim workers' compensation benefits." N.J.S.A. 34:15-39. To establish a prima facie case of retaliatory discharge, an employee must show that he made or attempted to make a claim of workers' compensation benefits and was discharged in retaliation for making that claim.

However, the mere fact that an employee has suffered a worker's compensation covered injury does not insulate the employee from discipline or discharge under the employer's policies. Galante v. Sandoz, Inc., 192 N.J.Super. 403, 409-411 (Law. Div. 1983) In the present matter, plaintiff has not introduced an iota of evidence to establish that plaintiff was discharged in retaliation for making a claim for worker's compensation. Therefore, as a matter of law, plaintiff's claim for termination in retaliation for filing a worker's compensation claim should fail.

### D. AWARD OF PUNITIVE DAMAGES IS NOT WARRANTED IN THIS MATTER.

If plaintiff's claims against Borgata are successful, defendant maintains that plaintiff's claim for punitive damages is not supported by the facts in this matter. Punitive damages are not to be applied in the ordinary, unaggravated tort case. Berg v. Reaction Motors Div., 37 N.J. 396, 413 (1962). The Plaintiff cannot recover punitive damages by "recasting merely the negligent conduct as 'willful and wanton'" Entwistle v. Draves, 102 N.J. 559, 562 (1986); 49 Prospect Street Tenants Association v. Sheva Gardeners, Inc., 227 N.J., Super. 499 (App. Div. 1988). See LoRocco v. N.J. Mfg. Ind. Co., 82 N.J. Super. 323, 327 (App. Div. 1964), cert. denied 42 N.J. 144 (1964).

> The New Jersey Punitive Damages Act provides that:
>
> Punitive damages may be awarded to the Plaintiff only if the Plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the Defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

N.J.S.A. 2A:15-5.12

The history of case law in New Jersey also supports the conclusion that neither the mere negligence nor gross negligence can support an award of punitive damages <u>Edwards v. Our Lady of Lourdes Hospital</u>, 217 N.J. Super. 449 (App. Div. 1987). A condition precedent to a punitive damage award is a finding that the Defendant is guilty of actual malice. <u>Herman v. Sunshine Chemical Specialties, Inc.</u>, 133, N.J. 329, 339 (1993)

In other words, to warrant an award of punitive damages, there must be an intentional wrongdoing in the sense of an evil-minded act or act accompanied by wanton and willful disregard of the rights of another <u>Nappa v. Anschelwitz, Barr, Ansell and Bonello</u>, 97 N.J. 37, 49 (1984); <u>Allendorf v. Kaiserman Enterprises</u>, 266 N.J. Super 662, 675 (App. Div. 1993); <u>Edwards v. Our Lady of Lourdes Hospital, Supra,</u> at 460.

A positive element of <u>conscious wrongdoing</u> is required to satisfy the requirements of willfulness and wantonness. The wrongdoer's negligence must be equally egregious in order to award punitive damages <u>Leimgruber v. Claridge Associates, Ltd.</u>, 73 N.J. 450, 454 (1977); <u>Edwards v. Our Lady of Lourdes Hospital, Supra,</u> at 461.

## IV. CONCLUSION

It has been clearly established in the State of New Jersey that an employer has the absolute power to fire anyone with or without good cause. <u>Woolley v. Hoffman-LaRoche, Inc,</u> 99 N.J. 284, 309 (1985). Plaintiff has set forth many facts of his employment which grieve him, but none that would give rise to a claim under recognized New Jersey or Federal law. Plaintiff has not provided one scintilla of evidence to support his claims of wrongful termination. To the contrary, the documentation in plaintiff's departmental file at the Borgata shows that plaintiff

failed continually in performing his job duties and responsibilities. Plaintiff was terminated for a legitimate non-discriminatory purpose and has failed to prove any other basis for his termination.

                              COOPER LEVENSON APRIL NIEDELMAN
                              & WAGENHEIM, P.A.

By: _____
                              NANCY A. VALENTINO, ESQUIRE
                              Attorney for Defendant, Marina District
                              Development Company, LLC d/b/a Borgata
                              Hotel Casino & Spa

DATED: JANUARY 3, 2010

CLAC; 474052.1

14