IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ  08401
(609) 344-3161
File No. 51154.22
Attorney for Defendant, Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa

| JOHAN DANIYAN, | : NO. 07-cv-02734 (JHR)(JS) |
|---|---|
| Plaintiff | : |
| vs. | : Civil Action |
| BORGATA HOTEL CASINO, | : **MOTION IN LIMINE TO LIMIT THE TESTIMONY OF PHYSICAL THERAPIST, <u>JAMES SHIMP</u>** |
| Defendant. | : |

TO:   GREGORY N. FILOSA, ESQUIRE *and* MARY L. BEJARANO, ESQUIRE
      Attorneys for Plaintiff

PLEASE TAKE NOTICE that the undersigned, attorneys for Defendant, Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa, will apply to the above named Court on Monday, January 10, 2011 at 9:00 a.m., or as soon thereafter as counsel may be heard, for an Order to limit the testimony of Physical Therapist, James Shimp.  Reliance will be placed upon the attached Brief.  A proposed form of Order is annexed.

                      COOPER LEVENSON APRIL
                      NIEDELMAN & WAGENHEIM, P.A.

                      BY:_____
                      NANCY A. VALENTINO, ESQUIRE
                      Attorney for Defendant, Marina District
                      Development Company, LLC d/b/a Borgata
                      Hotel Casino & Spa

DATED: JANUARY 3, 2011
CLAC; 475567.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHAN DANIYAN, | |
| Plaintiff | Civil Action |
| vs. | NO. 07-cv-02734 (JHR)(JS) |
| BORGATA HOTEL CASINO, | |
| Defendant. | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

**TO LIMIT THE TESTIMONY OF PHYSICAL THERAPIST, JAMES SHIMP**

On the Brief:

Nancy A. Valentino, Esquire
0453
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ  08401
(609) 344-3161
nvalentino@cooperlevenson.com
Attorney for Defendant
Marina District Development Company, LLC
d/b/a Borgata Hotel Casino & Spa

## I.   INTRODUCTION

Plaintiff has brought this action alleging discrimination and retaliation based upon his alleged disability and filing for worker's compensation benefits. Defendant terminated plaintiff from his employment with Borgata for failing to successfully complete his probationary period. Defendant now moves to limit the testimony of plaintiff's witness, James Shimp, as he has been offered as a witness to testify with respect to issues for which he has no personal knowledge as well as issues which are not addressed in his records.

## II.   FACTS

Plaintiff has offered James Shimp, a physical therapist, as a witness on his behalf and indicates he is expected to testify on the following subject matter: (a) Mr. Daniyan's employment background, performance and experience with the Defendant; (b) relevant events that occurred at Defendant; (c) Mr. Daniyan's disability/hardship; (d) Mr. Daniyan's request for an accommodation for his disability/hardship; (e) Defendant's denial of Mr. Daniyan's request for an accommodation; (f) the discriminatory and retaliatory treatment Mr. Daniyan has been subjected to during his employment at Defendant, including, but not limited to, being subjected to discrimination due to his disability; (g) the claims and allegations in the Complaint, including the damages Mr. Daniyan has suffered; (h) Mr. Daniyan's request and need for workers' compensation benefits and all relevant information regarding Mr. Daniyan's Workers' Compensation claim; and (i) the effect of Defendant's discriminatory and retaliatory actions upon Mr. Daniyan.. Defendant submits that Mr. Shimp has no knowledge of the majority of the areas in which he is being called to testify and her testimony should be limited to Nova Care's treatment and diagnosis of plaintiff as well as personal observations made during physical therapy.

### III. LEGAL ARGUMENT

Rule 602, Lack of Personal Knowledge, states that a witness may not testify to a matter unless evidence is introduced to support a finding that the witness has personal knowledge of the matter. Rule 801(c) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Mr. Shimp has no personal knowledge of the majority of the issues he has been offered to give testimony on as required by Rule 602. Any testimony he would give with respect to these issues would be deemed hearsay pursuant to Rule 801(c) as it is being offered for the truth of the matter asserted.

Following plaintiff's alleged injury while working at the Borgata, he was written a prescription for a brief course of physical therapy. The physical therapy treatments were rendered at NovaCare Rehabilitation in Hammonton where James Shimp was the clinic manager. The records produced by plaintiff during discovery from NovaCare relate to the plaintiff's treatment due to his complaints of low back pain. The records do not contain any information with regard to the subject matters for which Mr. Shimp is being offered to testify.

During all periods relevant to plaintiff's course of employment with defendant, Mr. Shimp did not have any affiliation with the Borgata. He has, however, been offered to testify with regard to plaintiff's background, performance and experience with defendant. In addition, he has been offered to testify with regard to plaintiff allegedly being subjected to discrimination by defendant due to his disability. Mr. Shimp is not in possession of any personal knowledge regarding the above subject matter. In fact, a review of the documents from NovaCare reveals that they do not contain any information relative to these issues. Mr. Shimp was not in a position to obtain any information relative to these areas and there is no evidence to suggest that he has

any direct or personal knowledge. Accordingly, Mr. Shimp should be barred from testifying with respect to same.

Mr. Shimp has also been offered to testify with regard to plaintiff's disability/hardship and defendant's denial of plaintiff's request for accommodation. Mr. Shimp has no knowledge of whether plaintiff ever made any request for accommodation from his employer and if so, how defendant responded to said request. Therefore, Mr. Shimp's testimony should be limited only to his assessment and treatment of plaintiff while he received physical therapy at NovaCare. The same is true with respect to plaintiff's request and need for Workers' Compensation benefits. Once again Mr. Shimp is not in possession of any knowledge related to same and therefore should be barred from testifying with respect to that issue.

Mr. Shimp has also been offered to testify with respect to the claims and allegations in the Complaint, including any damages plaintiff has suffered. To the extent that the Complaint contains allegations regarding plaintiff having received physical therapy at NovaCare, Mr. Shimp should be permitted to testify as to the treatment rendered and observations made of plaintiff during treatment. As to any damages suffered by plaintiff, it is inconceivable that Mr. Shimp is either in possession of information relative to same or qualified to testify on the subject.

Finally, Mr. Shimp has been offered to testify with respect to the effect of defendant's discriminatory and retaliatory actions upon plaintiff. As Mr. Shimp should be barred from giving any testimony whatsoever with respect to alleged discrimination on behalf of defendant, he certainly is not in the position to testify with respect to any effects of alleged discrimination.

In summary, James Shimp is a physical therapist who was the clinic manager at NovaCare in Hammonton where plaintiff received a limited number of physical therapy treatments following his work related incident at the Borgata on June 11, 2005. Pursuant to

Rules 701 and 602, Mr. Shimp should be barred from testifying with respect to anything other than the assessment, treatment and personal observations made of plaintiff while receiving physical therapy at NovaCare.

## IV.    CONCLUSION

Mr. Shimp has been offered to testify with respect to a multitude of issues for which he either has no personal knowledge or is not qualified to opine on. Accordingly, his testimony should be limited to the assessment, treatment and observations of plaintiff made at NovaCare following the incident at the Borgata on June 11, 2005. Alternatively, plaintiff should be required to make a profer as to the anticipated testimony and the Court should conduct a Rule 104 hearing.

 

COOPER LEVENSON APRIL NIEDELMAN
& WAGENHEIM, P.A.

By: _____
NANCY A. VALENTINO, ESQUIRE
Attorney for Defendant, Marina District
Development Company, LLC d/b/a Borgata
Hotel Casino & Spa

DATED: JANUARY 3, 2011

CLAC; 475616.1

5