IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ 08401
(609) 344-3161
File No. 51154.22
Attorney for Defendant, Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa

| | |
|---|---|
| JOHAN DANIYAN, | : NO. 07-cv-02734 (JHR)(JS) |
| Plaintiff | : |
| vs. | : Civil Action |
| BORGATA HOTEL CASINO, | : **PROPOSED PRELIMINARY** |
| | : <u>**JURY CHARGES**</u> |
| Defendant. | : |

## UNITED STATES DISTRICT COURT, MODEL CIVIL JURY INSTRUCTIONS:

    1.1        Introduction; Role of Jury

    1.2        Description of case; Summary of Applicable Law

    1.3        Conduct of Jury

    1.4        Bench Conferences

    1.5        Evidence

    1.6        Direct and Circumstantial Evidence

    1.7        Credibility of Witnesses

    1.8        Jury Questions for Witnesses (Option 2)

    1.9        Note-Taking By Jurors.

    1.10       Preponderance of the Evidence

| | |
|---|---|
| 1.12 | Description of Trial Proceedings |
| 2.1 | Impeachment of Witness' Character for Truthfulness |
| 2.2 | Judicial Notice |
| 2.3 | Stipulation of Testimony |
| 2.4 | Stipulation of Fact |
| 2.5 | Use of Deposition |
| 2.6 | Use of Interrogatories |
| 2.7 | Charts and Summaries |
| 2.8 | Charts and Summaries Not Admitted in Evidence |
| 2.9 | Striking Evidence |
| 2.10 | Evidence Admitted for a Limited Purpose |
| 2.11 | Opinion Testimony |
| 2.14 | Recess Admonition |
| 3.1 | Deliberations |
| 3.2 | Number of Witnesses |
| 3.3 | Read-Backs of Trial Testimony |
| 3.4 | Deadlock |
| 9.0 | ADA Employment Claims – Introductory Instructions |
| 9.1.2 | Elements of an ADA Claim – Disparate Treatment-Pretext |
| 9.1.3 | Elements of an ADA Claim – Reasonable Accommodation |
| 9.1.7 | Elements of an ADA Claim – Retaliation |
| 9.2.1 | ADA Definitions – Disability |
| 9.2.2 | ADA Definitions – Qualified Individual |

| | |
|---|---|
| 9.4.1 | ADA Damages – Compensatory Damages – General Instruction |
| 9.4.2 | ADA Damages – Punitive Damages |

NEW JERSEY SUPERIOR COURT, MODEL CIVIL JURY CHARGES:

| | |
|---|---|
| 1.11 | Cell Phone, Pager And Other Wireless Communication Devices |
| 1.12(A) | Purpose Of Charge |
| 1.12(B) | Role Of The Judge |
| 1.12(C) | Role Of The Attorneys |
| 1.12(D) | Role Of The Jury |
| 1.12(M) | False In One – False In All |
| 1.12(P) | No Prejudice, Passion, Bias Or Sympathy |
| 1.21(DD) | Receiving The Verdict |
| 1.21(EE) | Thanking And Discharging The Jury |
| 1.13 | Expert Testimony |
| 1.13(A) | Optional Charge Concerning Hypothetical Questions |
| 1.13(B) | Optional Charge In Case Of Conflicting Expert Testimony |
| 2.21(A) | The New Jersey Law Against Discrimination, General Charges |
| 2.21(B)(4) | *Prima Facie* Elements To Be Included In Charge If Disputed In A Particular Case, Discriminatory Treatment in Compensation, Terms, Conditions Or Privileges Of Employment |
| 2.21(B)(5) | *Prima Facie* Elements To Be Included In Charge If Disputed In A Particular Case, Discriminatory Discharge Or Demotion |
| 2.33(A) | Employment Discrimination Mitigation Of Economic Damages, General Mitigation Principals |

| | |
|---|---|
| 2.33(B) | Employment Discrimination Mitigation Of Economic Damages, Lowered Sights Doctrine |
| 8.61 | Punitive Damages — Law Against Discrimination Claims |
| | Proposed Charge - Worker's Compensation – Retaliation - see attached |

**Business Judgment Charge.** Plaintiff alleges that he was terminated because of his disability and worker compensation claims. The Borgata has produced evidence that plaintiff was terminated because his work performance did not meet the requirements of the position during his probationary period. It is not the function of this court or this jury to attempt to second guess the business decisions made by the Borgata, absent evidence of impermissible motives, in this case alleged handicap and worker compensation discrimination. While an employer's judgment or course of action may seem erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for the alleged illegal discrimination. Said another way, whether you agree or disagree with the Borgata's decision to terminate plaintiff because of job performance is not the issue in this case. The issue is whether the plaintiff has proven by a preponderance of the credible evidence that his termination constituted unlawful handicap discrimination in violation of the New Jersey Law Against Discrimination and retaliation in violation of the Worker's Compensation Act. *(Ezwold v. Wolf Block Schorr and Solis-Cohen, 983 F.2d. 509 (3d. Cir. 1992).*

**Unlawful Discrimination Charge.** "The LAD prevents only unlawful discrimination against disabled individuals; it does not prevent the termination or change of employment of any person who 'is unable to perform adequately the duties of employment, nor [does it] preclude discrimination among individuals on the basis of competence, performance, conduct or any other reasonable standards.' Put another way, the LAD acknowledges the authority of employers to manage their own business." Viscik v. Fowler Equipment Co., Inc., 173 N.J. 1, 13 (2002).

**Unknown Disability Charge.** "[D]isabilities are often unknown to the employer, and because of that, the plaintiff must demonstrate that the defendant employer knew of the disability to state a prima facie case of unlawful discrimination." Geraci v. Moody-Tottrup, International, Inc., 82 F.3d 578, 581 (1996); and, Illingworth v. Nestle U.S.A., Inc., 926 F. Supp. 482, 484 (D.N.J. 1996).

You may not "presume that an employer most likely practiced unlawful discrimination when it did not know that the plaintiff even belonged to the protected class. The employer's knowledge, in this ... case[], is a critical element of the plaintiff's prima facie case." Geraci v. Moody-Tottrup, International, Inc., 82 F.3d 578, 581 (1996). Illingworth v. Nestle U.S.A., Inc., 926 F. Supp. 482, 484 (D.N.J. 1996).

"Absent such knowledge, the prima facie case fails and the employer cannot, as a matter of law, be liable for handicap discrimination." <u>Illingworth v. Nestle U.S.A., Inc.</u>, 926 F. Supp. 482, 484 (D.N.J. 1996).

**Unclean Hands**. "Unclean hands" consists of an "evil practice or wrong conduct in a particular matter or transaction in respect to which judicial protection or redress is sought." <u>Untermann v. Untermann</u>, 19 N.J. 507, 517; 117 A.2d 599 (1955).

By: _____
NANCY A. VALENTINO, ESQUIRE
Attorney for Defendant, Marina
District Development Company,
LLC d/b/a Borgata Hotel Casino & Spa

Dated:   JANUARY 3, 2011

CLAC: 507745.1

5